Emiliano Malizia (SBN 298545)
E-mail: emiliano.malizia@tlrtlaw.com
S. Martin Keleti (SBN 144208)
E-mail: smartin.keleti@tlrtlaw.com
TOSOLINI, LAMURA, RASILE & TONIUTTI, LLP
9465 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212
Telephone: (323) 989-7014
Fax: (646) 536-8719

*Attorneys for plaintiff* **Michele Galotta**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELE GALOTTA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MUDDY WATERS CONSULTING LLC, a Delaware limited liability company; MUDDY WATERS CAPITAL LLC, a Delaware limited liability company, and CARSON C. BLOCK, an individual,<br><br>Defendants. | Case No.: 3:21-cv-5556<br><br>**COMPLAINT FOR DEFAMATION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michele Galotta alleges:

## JURISDICTION

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity between plaintiff and defendants, and the amount in controversy exceeds $75,000, exclusive of costs and attorney fees.

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because all defendants reside in the same state, and at least one of the defendants resides in this district. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims asserted occurred in this district.

## PARTIES

3. Plaintiff Michele Galotta ("Plaintiff") is an individual, a citizen of Italy.

4. Defendant Mudddy Waters Capital LLC ("Capital") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of California.

5. Defendant Muddy Waters Consulting LLC ("Consulting") is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of California.

6. Defendant Carson C. Block ("Block") is the founder of, and research director for, Capital and Consulting, as well as the sole member and member-manager of Capital and Consulting, to which Plaintiff will refer collectively as "Muddy Waters." Block resides in California. Plaintiff will refer to Muddy Waters and Block collectively as "Defendants."

7. Each of the Defendants was the agent, employee, alter ego, or co-conspirator of each of the other Defendants, and was at all times acting within the purpose and scope of said agency, employment, and conspiracy, and each of the Defendants has ratified and approved the acts of the remaining Defendants.

## COUNT 1

## DEFAMATION

**[by Plaintiff against all Defendants]**

8. Plaintiff realleges and incorporates by reference paragraphs 1 through 7 as if fully set forth.

9. Plaintiff is an accountant who has cooperated with Federico Salmoiraghi ("Salmoiraghi"), with regard to certain businesses they owned together.

10. Solutions 30 Eastern Europe, s.r.l.("Solutions 30 EE") is an international company committed to provide help desk services to private companies worldwide. Under the supervision of Salmoiraghi, Solutions 30 EE has been operating successfully. Solutions 30 SE, a company publicly-traded on the Euronext Paris exchange, outsources some of its back-office activities, in Italy and in Eastern Europe, to Solutions EE.

11. On November 16, 2020, Gianbeppi Fortis, Chairman of Solutions SE, forwarded to Salmoiraghi an anonymous report (the "Report") which Mr. Fortis had received. The Report

concerned Solutions 30 SE. Although the Report is anonymous, Plaintiffs are informed and believe that Defendants wrote and sent the Report to Solutions SE.

12. Among other things, the Report falsely and baselessly accused Solutions SE and its related companies (a) were connected to and facilitating activities of money laundering; and (b) employing former and current criminals as representatives.

13. On or about December 8, 2020, Bloomberg published the Report. On social media (Twitter), Defendants denied being the source of the Report, yet republished the substance of the Report and endorsed it for Defendants' readership of more than 180,000 followers. The extreme and irresponsible language from the Report, and the commentary about it, echoed through the blogosphere, just as Defendants planned.

14. On or about January 25, 2021, Defendants sent a letter to Mr. Fortis, not only questioning Solutions 30 SE, but defaming Salmoiraghi personally, and by implication companies affiliated with him. The January 25, 2021 letter stated in pertinent part:

> We remain short S30, and in our view, the Anonymous Report's allegations of fraud and money laundering are likely at least directionally correct. . . . .
> . . . .
> . . . (Mr. Salmoiraghi has a long history of dealings with S30, such as, BSS was once owned, in part, by RZA Connect S.R.L., which is current owned by Mr. Salmoiraghi through various intermediate entities)

15. On or about April 9, 2021, Defendants sent a letter to Mr. Fortis, this time repeatedly defaming Plaintiff personally, and by implication companies affiliated with him. The April 9, 2021 letter stated in pertinent part:

> How could S30 key business partner and courtier Federico Salmoiraghi form a company called Manpower Services Ltd. in Bulgaria with the same Michele Galotta who had been arrested as part of the organized crime mass arrest operation called "Operation Black Spirit"? Fredo states that the arrested Michele Galotta is "a gangster arrested and imprisoned since 12/9/19", and asks "How do you explain that he could start a Manpower business on 3/11/21?"

16. The same letter dated April 9, 2021, stated in pertinent part:

> Just as we can't explain exactly how Mr. Angelo Zito's former associates, the Graviano Brothers, smuggled their semen out of prison, we don't know how Mr. Galotta co-founded this company from the joint (if indeed he is still there). However, we do have the public records

suggesting that Mr. Salmoiraghi did indeed co-found this company with (as Fredo puts it) "a gangster".

17. A brief research into Plaintiff's status as an Italian citizen would have enabled Defendants to ascertain the falsity of the tweet. Instead, Defendants not only included false information in their public letter dated April 9, 2021, based on the alleged tweet by "Fredo", they doubled down including their own false speculations with regard to Galotta having "co-founded [the] company from the joint".

18. In addition, Defendants allude to Plaintiff possibly still being in prison and conducting business from there, which, much like the assertion that Plaintiff had "co-founded [the] company from the joint", was not included in the alleged tweet and was the product of their unsupported speculation, with no regard for Plaintiff's reputation.

19. As his history clearly confirms, not only was Galotta never confined to jail nor prison, his criminal background as of the date of this complaint, is entirely immaculate.

20. Defendants' defamatory statements regarding Plaintiff in connection with Salmoiraghi and his companies, defame him and his companies by implying that employed individuals who had been in jail in order to facilitate a money laundering scheme. Defendants' statements in these areas are outrightly false or create a false implication that Plaintiff is unethical and, more importantly, that the companies with which he is affiliated are unsafe investments.

21. While Defendants sometimes attempt to remain vague and in engage in insinuation and speculation, in order to limit their exposure to defamation, their tactics are at times more direct, but even when not, they are transparent.

22. As set forth above, Defendants have, through their statements about the alleged unlawful activities by Plaintiff and his companies, with focus on the companies that are connected to Salmoiraghi, publicly stated or implied that Plaintiff has criminal associations and background, and that Plaintiff was employed as a former criminal in order to facilitate a money laundering scheme.

23. As set forth in detail above, these implied statements of fact are demonstrably false and misleading. Defendants have made these statements and implications by the selection and

juxtaposition of true statements so as to imply a defamatory connection between them, as well as by omitting facts that would have dispelled the defamatory implication and revealed the truth.

24. Defendants made these statements either knowing that they were false, or in reckless disregard of their truth or falsity Through Defendants' malice toward Solutions 30 SE, Defendants have acted without regard to the rights of others affected by Defendants' defamatory statements or the effect Defendants' actions would have on Plaintiff and his reputation.

25. These implied statements of fact have harmed and will harm or threaten to harm Plaintiff in his business. The allegations of dishonesty and of violating the law culminating in an arrest and imprisonment that never took place, are defamatory *per se*. Because Defendants' false and misleading statements are defamatory *per se*, damages are presumed, for Galotta, an individual, for the damage is to his personal reputation. Plaintiff has been (and likely be further) substantially injured as a result of these false statements including, among other things, loss of goodwill. Plaintiff has lost business and continues to suffer the repercussions of the false statements on his reputation and ability to secure new agreements. The baseless allegations threaten to have the business community, and in particular, financial institutions, shun Plaintiff and his companies, and cause Plaintiff to lose access to banking services and the like. This harm and risk of future harm is ongoing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. For damages according to proof;
2. For exemplary and punitive damages;
3. For costs of suit;
4. For attorney fees to the extent permitted by law; and
5. For such further legal and equitable relief this Court deems just and proper

Dated: July 20, 2021            TOSOLINI, LAMURA, RASILE & TONIUTTI, LLP

By: /s/ *S. Martin Keleti*
S. Martin Keleti
Attorneys for plaintiff Michele Galotta

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated: July 20, 2021          TOSOLINI, LAMURA, RASILE & TONIUTTI, LLP

By: /s/ *S. Martin Keleti*
S. Martin Keleti
Attorneys for plaintiff Michele Galotta